

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 18, 1990

Honorable Gibson D. (Gib) Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. JM-1158

Re: Whether the purchase of fuel by a company that provides transportation services for a school district is exempt from taxation (RQ-1807)

Dear Speaker Lewis:

You ask about the proper construction of amended section 153.104 of the Tax Code, which exempts public school districts from the state's motor fuels tax, effective September 1, 1991. S.B. 417, Acts 1989, 71st Leg., ch. 813, § 6.16, at 3720 [hereinafter Senate Bill 417].[1] Specifically, you ask whether the tax exemption would apply to a purchase of motor fuel by a private transportation company if that fuel were used exclusively for the public school transportation services that that company has contracted to provide to a school district. You do not specify precisely what sort of contractual relationship is involved, nor do you include a copy of any actual contract.

On the basis of attorney general opinions issued previously that construe a very similar exemption from the gasoline tax for the federal government on gasoline used exclusively by it, we conclude that gasoline purchased by a school district or by the agent of a school district for the

---

1. Sections 6.12 through 6.17 of Senate Bill 417 amend sections 153.104, 153.119, 153.203, 153.222, 153.3021 of the Tax Code and subsection (b) of section 21.181 of the Education Code. Section 7.01 of Senate Bill 417 sets forth the effective date provisions of the bill and provides in relevant part: "Sections 6.12 through 6.17 take effect September 1, 1991."

exclusive use of a school district will be exempt from the reach of the tax. Gasoline purchased by an independent contractor that performs services for a school district, however, will not be exempt from the reach of the tax.

Chapter 153 of the Tax Code imposes a motor fuels tax on the first sale or use of motor fuels in this state. Subchapter B of chapter 153 governs the first sale or use of gasoline.[2] Section 153.104 sets forth exceptions to the reach of the tax and will provide the following, effective September 1, 1991:

> The tax imposed by this subchapter does not apply to gasoline:
>
> (1) brought into this state in the fuel tank of a vehicle with a capacity of less than 60 gallons when the tank is connected to the carburetor or fuel injection system of the power plant providing the propulsion of the vehicle;
>
> (2) delivered by a permitted distributor to a common or contract carrier, oceangoing vessel (including ship, tanker, or boat), or a barge for export from this state if the gasoline is moved forthwith outside the state;

---

2. Section 153.101 of the Tax Code imposes the gasoline tax and provides:

> (a) A tax is imposed on the first sale or use of gasoline in this state.
>
> (b) If the tax imposed by this section is not paid at the time of the first sale or use, the comptroller may assess all applicable tax, penalty, and interest against any person buying the fuel for further resale.

Thus, if the first sale or use of gasoline escapes taxation, the comptroller may impose the tax on a subsequent purchaser.

(3)   sold by  a permitted  distributor  to another permitted distributor;

(4)   sold to  the federal  government  for its exclusive use;

(5)   delivered by a permitted distributor into  a  storage  facility  of  a   permitted aviation fuel dealer from which gasoline will be delivered  solely  into  the  fuel  supply tanks  of  aircraft  or  aircraft   servicing equipment;

(6)   sold by one  aviation fuel dealer  to another aviation fuel dealer who will deliver the aviation fuel  exclusively into the  fuel supply  tanks  of  aircraft   or  aircraft servicing equipment; or

(7)   sold to a  public school district   in this state for its exclusive use.   (Emphasis added.)[3]

It is suggested that the exemption should be  construed to reach, not  just the sale  of gasoline to  a school  district, but also  the sale  of gasoline  to a  transportation company when the fuel so purchased will be used  exclusively to provide transportation services to a school district.  It is argued that the evident  intention of the legislature  in enacting the exemption is the reduction of school districts' transportation costs and  that construing  the exemption  to reach such gasoline purchasers will effectuate that purpose. Based upon previously issued attorney general opinions  that construe an  exemption  provision substantially  similar  to subsection (7), we do not  agree that subsection (7)  should be so construed.

---

3.   Senate Bill 417 contains  two versions of  section 153.104, one that is  in effect from  the effective date  of the bill until September 1, 1991, and another that goes into effect on September 1, 1991.  The two versions are identical except that the version that  goes into effect on  September 1, 1991, contains subsection (7), the subsection you inquire about.

The state tax on the first sale or use of motor fuels was enacted originally in 1941 and contained an exemption from the tax for gasoline sold to the federal government for its exclusive use. Acts 1941, 47th Leg., ch. 184, art. XVII, § 2, at 304. The exemption was retained in subsequent codifications of the statute. See V.T.C.S. Tax.-Gen. arts. 9.01-9.27, 10.01-10.25 (1960). Every attorney general opinion that has considered the question has construed this exemption to reach the federal government and its agents, but not to reach independent contractors who had entered into contracts to perform services for the federal government. See, e.g., Attorney General Opinions C-694 (1966); WW-1502 (1962); WW-172 (1957); V-583 (1948).

For example, in Attorney General Opinion V-1492 (1952), this office concluded that the motor fuels tax may be imposed upon a purchaser of gasoline that was deemed an independent contractor of the Reconstruction Finance Corporation, an administrative agency of the federal government. The independent contractor, United States Rubber Company, entered into a contract with the Reconstruction Finance Corporation for the lease and operation of a synthetic rubber plant owned by the company. The opinion discussed and reaffirmed earlier opinions that concluded that agents of the federal government shared in the federal government's immunity from taxation, but that independent contractors who entered into contracts with the federal government for the performance of services are not so immune. Quoting from Carruth v. Valley Ready-Mix Concrete Co., 221 S.W.2d 584, 592 (Tex. Civ. App. - Eastland 1949, writ ref'd), the opinion declared:

> An independent contractor and an agent are not always easy to distinguish, and there is no uniform criterion by which they may be differentiated. Generally, however, the relations are distinguished by the extent of the control which the employer exercises over the employee in the manner in which he performs his work.

Attorney General Opinion V-1492, supra, at 9-10; see also Attorney General Opinions O-6964 (1946); O-5569 (1943); O-5309A (1944) (overruling Attorney General Opinion O-5309 and reaffirming Attorney General Opinion O-4389); O-5214 (1943); O-4731, O-4689, O-4389 (1942).

The language of subsection (7) of section 153.104, which exempts from the motor fuels tax gasoline sold to a school district for its exclusive use, is substantially identical to that of subsection (5), which exempts gasoline sold to the federal government for its exclusive use. We conclude that a court construing subsection (7) probably would construe the exemption in the same fashion as the previously-cited attorney general opinions have construed subsection (5) and hold that gasoline purchased by a public school district or its agent for the exclusive use of the district will be exempt from the state's motor fuels tax on gasoline. Gasoline purchased by an independent contractor that has entered into a contract with a public school district to perform services, however, is not so exempt, even in an instance in which the gasoline so purchased will be used exclusively to perform the contracted services.

## S U M M A R Y

Gasoline purchased by a public school district or its agent for the exclusive use of the district will be exempt from the state's first sale or use tax on motor fuels that is imposed by chapter 153 of the Tax Code. Gasoline purchased by an independent contractor that has entered into a contract with a public school district to perform services, however, will not be exempt, even in an instance in which the gasoline so purchased will be used exclusively to perform the contracted services.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General